IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDDIE HUNTER, ) | |
| ) | Civil Action No. 06 - 1291 |
| Plaintiff ) | |
| ) | Judge Joy Flowers Conti/ |
| vs. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| ) | |
| WILLIAM SCHOUPPE, Warden of ) | |
| Beaver County Jail, ) | |
| ) | |
| Defendant. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

For the reasons that follow, it is respectfully recommended that Defendant's Motion to Dismiss (doc. no. 13) be granted.

**II.      REPORT**

Plaintiff, Eddie Hunter, an inmate previously incarcerated at the Beaver County Jail (BCJ), commenced this action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 against William Schouppe, Warden of the BCJ. Plaintiff claims that he was not taken to Islamic services while he was housed in the BCJ. For the reasons that follow, his claim must be denied.

**A.      STANDARD OF REVIEW – MOTION TO DISMISS**

A complaint must be dismissed pursuant to Fed. R. Civ. P. 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v.Twombly, 127 S. Ct. 1955, 1974 (May 21, 2007) (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The court must accept as true all allegations of the Complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff. Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985). The

Court, however, need not accept inferences drawn by plaintiff if they are unsupported by the facts as set forth in the complaint. *See* California Pub. Employee Ret. Sys. v. The Chubb Corp., 394 F.3d 126, 143 (3d Cir. 2004) (citing Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997)). Nor must the court accept legal conclusions set forth as factual allegations. Bell Atlantic Corp., 127 S. Ct. at 1965 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S.Ct. at 1965. Although the United States Supreme Court does "not require heightened fact pleading of specifics, [the Court does require] enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Finally, a court must employ less stringent standards when considering pro se pleadings than when judging the work product of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). In a § 1983 action, the court must liberally construe the pro se litigant's pleadings and "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." Higgins v. Beyer, 293 F.3d 683, 688 (3d Cir. 2002) (quoting Holley v. Dep't of Veteran Affairs, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also* Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting Higgins, 293 F.3d at 688).

## B. LIABILITY UNDER 42 U.S.C. § 1983

Plaintiff's Complaint seeks to assert liability against Defendant pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the

2

Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-331 (1986).

To establish personal liability against a defendant in a section 1983 action, that defendant must have <u>personal</u> involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*. Rizzo v. Goode, 423 U.S. 362 (1976). Accordingly, individual liability can be imposed under section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988); Chinchello v. Fenton, 805 F.2d 126, 133 (3d Cir. 1986). Personal involvement by a defendant can be shown by alleging either personal direction or actual knowledge and acquiescence in a subordinate's actions. Rode, 845 F.2d at 1207. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. *Id*. *See also* Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005). In order to maintain a claim for supervisory liability, a plaintiff must show: 1) that the supervising official personally participated in the activity; 2) that the supervising official directed others to violate a person's rights; or 3) that the supervising official had knowledge of and acquiesced in a subordinates' violations. *See* Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Here, Plaintiff alleges the following.

> Since my confinement here at Beaver County Jail, I have requested from all concerned parties that an Islamic service be held for Friday Juma [sic] services which are mandatory for Muslims. Even when I filed grievance all that occurred was that the Chaplain of this facility brought me some Islamic literature he downloaded from his computer and he told me that even though there is Catholic Bible study six days a week there are no officers to take anyone to Islamic Services or space for Islamic Services in this facility.

3

Compl. ¶IV.C (doc. no. 8, p.2).

"A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible." Evancho v. Fisher, 423 F.3d at 353. As Defendant points out, Plaintiff's Complaint fails to allege facts that, if proven, would show that Defendant Schouppe had any personal involvement in the alleged violations of Plaintiff's constitutional rights. Moreover, Plaintiff cannot allege personal involvement by Defendant Schouppe merely by virtue of his involvement in reviewing inmate grievances. It is well settled that the filing of a grievance is not sufficient to show the actual knowledge necessary for personal involvement. Rode, 845 F.2d at 1208.; Croom v. Wagner, 2006 WL 2619794, *4 (E. D. Pa. Sept. 11, 2006) (holding that neither the filing of a grievance nor an appeal of a grievance is sufficient to impose knowledge of any wrongdoing); Ramos v. Pennsylvania Dept. of Corrections, 2006 WL 2129148, *2 (M. D. Pa. July 27, 2006) (holding that the review and denial of the grievances and subsequent administrative appeal does not establish personal involvement). As Plaintiff has failed to adequately allege personal involvement against Defendant Shouppe, Defendant's Motion to Dismiss should be granted.[1]

### III. CONCLUSION

For the reasons set forth above, it is respectfully recommended that Defendant's Motion to Dismiss (doc. no. 13) be granted.

In accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written

---

[1] Defendant further is correct in his assertion that Plaintiff's transfer out of the BCJ moots his claim for injunctive relief. Fortes v. Harding, 19 F. Supp. 2d 323, 326 (M.D. Pa. 1998) (transfer to another institution mooted plaintiff's claims for injunctive or declaratory relief).

4

objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated: November 23, 2007

Lisa Pupo Lenihan
United States Magistrate Judge

cc: The Honorable Joy Flowers Conti
United States District Judge

EDDIE HUNTER
Beaver County Jail
6000 Woodlawn Boulevard
Aliquippa, PA 15001